IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,                                                    PLAINTIFF

V.                                   NO. 6:18-CV-6089

HAPPY VALLEY, LLC d/b/a HAPPY
VALLEY NURSING
AND REHABILITATION                                                          DEFENDANT

## AGREED PROTECTIVE ORDER

Before the Court is the Joint Motion for Protective Order filed by Happy Valley, LLC (ECF No. 25). The Court finds that no response is necessary, and the matter is ripe for consideration. The Court finds as follows:

1. The Parties to this litigation assert during discovery they have or will disclose or produce documents or information pertaining to training materials, handbook materials, manuals, policies, medical records, as well as information pertaining to present and former applicants and employees of Defendant that contain confidential information in this litigation between the Parties.

2. The Parties assert public dissemination and disclosure of Confidential Information could damage the Party disclosing or producing the Confidential Information or could violate the privacy rights of other non-parties.

3. The Parties acknowledge Confidential Information includes, but is not limited to:

   (a) home addresses, telephone numbers, social security numbers, salary or other pay information, and time records of present and former applicants and employees of Defendant;

(b) certain personnel file documents pertaining to current and former employees of Defendant, including but not limited to, applications, rates of pay, insurance coverage information, benefits information, and personnel attendance records;

(c) certain business records of Defendant, including, but not limited to, selection documentation, job descriptions, and staff records, training materials, handbook materials, manuals, and policies;

(d) intellectual property, trade secrets, and proprietary information of Defendant;

(e) financial records of Defendant;

(f) information relating to or identifying current or former residents of Defendant;

(g) medical records or "Protected Health Information," as defined by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), or any applicable State counterparts, or other records containing individually identifiable health information belonging to applicants, current and former employees, and current and former residents of Defendant;

(h) any information designated and/or protected by any statute or other law as private or confidential; and

(i) any other information or document that, upon the reasonable judgment of the Parties, would create a substantial risk of serious harm to the disclosing Party if such information disclosed or disseminated to a third party or third parties.

4. To protect the respective interests of the Parties and certain nonparties, and to facilitate the progress of disclosure and discovery in this case, good cause exists for the entry of the following Order:

IT IS THEREFORE ORDERED:

1. Except as otherwise indicated below, all documents or discovery responses designated by the producing Party as "Confidential" are entitled to confidential treatment as described below. Documents provided in this litigation may be designated by the producing person or by any Party as confidential by marking each page of the documents so designated with a stamp indicating the information is "Confidential." In lieu of marking the original of a document, if the original is not provided, the designating Party may mark the copies that are provided. Originals shall be so preserved for inspection.

2. Confidential Documents shall not include materials that on their face show they have been published to the public.

3. At any time after the delivery of Confidential Documents, counsel for the Party receiving the Confidential Documents may challenge the confidential designation of all or any portion thereof by providing written notice thereof to counsel for the Party disclosing or producing the Confidential Documents, and such written notice shall be made within 10 days from the date of the disclosure or production of the Confidential Documents. If the Parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the Party receiving the Confidential Documents shall certify to the Court that the Parties cannot reach an agreement as the confidential nature of all or a portion of the Confidential Documents. Thereafter, the Party disclosing or producing the Confidential Documents shall have 10 days from the date of certification to file a motion for protective order about any Confidential Documents in dispute. If the Party producing the Confidential Documents does not timely file a motion for protective order, the Confidential Documents in dispute shall

no longer be subject to confidential treatment as provided in this Order. All Confidential Documents are entitled to confidential treatment pursuant to the terms of this Order unless and until the Parties formally agree in writing to the contrary, a Party fails to timely move for a protective order, or a contrary determination is made by the Court as whether all or a portion of a Confidential Document is entitled to confidential treatment.

4. Confidential Documents or the Confidential Information contained in Confidential Documents shall be disclosed only to the following persons:

   (a) The Parties, as well as counsel of record in this action for the Party receiving Confidential Documents or any information contained therein;

   (b) Employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

   (c) Experts and investigators retained by the Parties; and

   (d) The Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

5. Confidential Documents and any information contained therein shall be used solely for the prosecution of this litigation.

6. To the extent Confidential Documents or Confidential Information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony or trial testimony referring to the Confidential Documents or information contained therein. The Parties shall redact all Confidential Information prior to introducing the Confidential Documents into the public record. If pleadings,

motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that include, attach, summarize, or otherwise contain any Confidential Information are to be filed with the Court and if it is not practicable to make redactions, the filing Party must request in advance the Court's permission to file such documents under seal and file a motion that complies with the provision of the Federal Rules of Civil Procedure. The non-filing Party agrees not to oppose such motion unless good cause exists to oppose the request to file under seal.

7. Nothing in this Order prevents a Party from using Confidential Documents in a deposition, a court hearing, or at trial of this matter so long as the Party redacts all Confidential Information prior to introducing it into the public record.

8. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree all Confidential Information designated under this Order shall remain "confidential." The court reporter or transcriber shall agree they will not disclose the Confidential Information except pursuant to the terms of this Order. The court reporter or transcriber shall also agree to retain any notes or transcriptions of such testimony (and any accompanying exhibits) or deliver to counsel of record.

9. Inadvertent or unintentional production of documents or information containing Confidential Information that a Party failed to designate "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Documents unintentionally produced without designation as confidential may be designated and shall be treated as confidential from the date written notice of the designation is provided to the receiving party. If a receiving Party learns of any unauthorized disclosure of Confidential Information, the Party shall immediately upon learning of

such disclosure inform the producing Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

10. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Confidential Documents for enforcement of the provisions of this Order following termination of this litigation. All confidential material obtained during this litigation will be destroyed pursuant to that Party's standard operating procedures.

11. Counsel are entitled to retain archival copies where necessary, including, in the case of the Commission, as required in accordance with the National Archives and Records Administration (NARA) statutes and regulations. Any such archival copies that contain or constitute confidential information shall remain subject to the Order.

12. This Order shall bind the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, division, employees, agents, independent contractors, or other persons or organizations over which they have control.

13. The Parties may, by stipulation, provide for exceptions to this Order and any Party may seek an order of this Court modifying this Agreed Protective Order.

IT IS SO ORDERED this 2nd day of April 2019.

/s/ Robert T. Dawson
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE